LEARNED J. WILMARTH *vs*. CHARLES RICHMOND & Trustee

Upon the death of the principal defendant in a trustee process pending the suit, the attachment of the goods in the trustee's hands is dissolved under Rev. Sts. *c*. 90 § 105, and he is entitled to be discharged with costs against the plaintiff.

THIS action was commenced in this court, April term, 1848. Brayton Slade, the alleged trustee appeared and answered at the first term, the principal was defaulted, and the case was continued for the purpose of examining the trustee. The principal defendant died at Sacramento city, California, December 19th, 1849, which fact was suggested upon the record at the April term 1850. Application to grant letters of administration upon his estate in this commonwealth was made to the judge of probate, December 3d, 1850, upon which application letters of administration were subsequently granted to Sidney Williams, Esq. on the 10th day of October, 1851; but he was never cited into court by the plaintiff, and never appeared in the suit. Upon these facts, the trustee moved the court for his discharge and for his costs. The questions are, whether the trustee is entitled to his discharge, and if so, for what time, if any, he is entitled to costs? In the determination of these questions, the court, if they deem it necessary, are to refer to the answers of the trustee. It was agreed that the court should render such judgment as to the discharge of the trustee and his costs, as they shall think proper.

*N. Morton*, for the plaintiff.

*T. D. Eliot*, for the trustee.

MERRICK, J. The Rev. Sts. *c*. 109 authorize an attachment upon the writ, and according to the conditions therein

prescribed, of the goods and estate of the defendant, whether they are in his own hands or in those of his trustee. The service of such a writ upon any person properly named and described in it as a trustee of the defendant, operates as an attachment of all the goods, effects. or credits then in his possession.

The lien created in favor of the plaintiff by such an attachment usually and commonly remains in force until the property is seized upon the execution which issues upon the judgment rendered in the action. But it is not always so. The Rev. Sts. c. 90, § 105, provide that "when any real estate, goods, chattels, or effects are attached, and the debtor dies before they are taken or seized on execution, the attachment shall be dissolved, provided administration of the estate of the deceased shall be granted in this state within the year after his decease, or that application shall be made for such administration within the year, and that it shall thereafter be granted upon such application." This provision has relation to the several statutes in which the course and method of proceeding in the settlement of the estates of persons deceased are prescribed; and was undoubtedly designed to prevent any interference or conflict therewith, and especially to secure, in case of insolvency, according to the general policy of the legislature upon that subject, an equal distribution of the assets among all the creditors of the deceased. It is positive in its terms, and must have a controlling effect in every case to which it is applicable.

The writ in the present case was duly served upon Brayton Slade, the supposed trustee named therein; and if he had any goods, effects, or credits of the defendant in his hands or possession, the same were effectually attached thereby. But while the action was pending in court, and, of course, before such attached property could have been taken or seized upon execution, the defendant died; and within a year after his decease, application was made to the judge of probate in the county of Bristol to grant administration upon his estate; and upon that application, administration upon the estate was afterwards duly granted.

Wilmarth *v.* Richmond & Trustee.

By these proceedings, the attachment of any property, goods, effects, or credits of the deceased defendant in the hands and possession of his trustee was, by force of the statute before cited, dissolved. And therefore the trustee is entitled to be discharged, because that is always the necessary result of a dissolution of an attachment. He is in court only for the purpose of holding and retaining the property in his possession, that it may be seized on execution; and when the lien created upon it for that purpose is dissolved and discharged, and no right to demand its delivery of the trustee, that it may be seized and taken on the execution, remains, there is no cause for his further detention as a party to the suit, and he is accordingly to be discharged. But it is urged by the plaintiff that he cannot be discharged under the provisions of Rev. Sts. *c.* 90, § 105, above recited, until it is first ascertained from his answers and the adjudication of the court thereon, that he had in fact goods, effects, or credits in his hands which were attached by the process served upon him; and that therefore he must necessarily be held in court until such answers have been duly made.

But this position can be sustained only by disregarding another very material consideration. If the trustee had no goods, effects, or credits in his hands when the writ was served upon him, he will for that reason be entitled to his discharge. But if he had, then, by reason of the death of the defendant and the application for administration upon his estate within one year thereafter, and the subsequent grant thereof to such administrator, he is equally entitled to his discharge by the dissolution of the attachment. So that, whatever his answers may be; whether he had, or had not, any goods, effects, or credits of the defendant in his hands and possession; and whether there was, or was not, any attachment of property, the result is inevitably the same; he cannot be holden as the trustee. To compel him, therefore, longer to remain in court, a party to the action, would be wholly fruitless and ineffectual. The plaintiff could derive no possible advantage from it. On the other hand, as it is certain that the trustee must be eventually discharged, the only effect of detaining him

longer in court will be prejudicial to the plaintiff, by increas-
ing the bill of cost, which must necessarily in the end be
recovered against him. The trustee, therefore, is now entitled
to be discharged.

If discharged, he is entitled to his costs. The Rev. Sts.
c. 109, § 51, regulating the proceedings upon the trustee pro-
cess, providing that if the alleged trustee shall be discharged
by reason of his having no goods, effects, or credits on his
hands, or by the failure of the plaintiff to recover judgment
against the principal defendant, or for any other cause, he
shall have judgment and execution against the plaintiff for his
costs. This, however, is subject to a further provision, that
such costs are recoverable only upon the condition that he
appeared at the first term of the court, where the writ was
returnable, and submitted himself to an examination upon
oath.

It has not been suggested that the trustee did not appear
and submit himself to examination at the first term ; and that
being so, he is entitled to judgment for his costs.

And since his discharge is general and unqualified, and as
the statute makes no distinction in reference to the amount or
items of costs to be recovered on account of the different
causes from which the discharge of a trustee results, it follows
that he is entitled to tax his costs from the entry of the action,
as in other cases.